UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASMINA EDWARDS,

    Plaintiff,

    v.

AMERICAN EXPRESS COMPANY,

    Defendant.

**Case 07-Civ-7340 (AKH)**

**NOTICE OF MOTION FOR
ENTRY OF DEFAULT
JUDGMENT**

To:    Jean Y. Park, Kelley
    Drye & Warren LLP,
    101 Park Avenue
    New York, NY10178
    via facsimile number 212-808-7897 and
    electronic mail address jpark@kelleydrye.com

PLEASE TAKE NOTICE that upon the accompanying memorandum of law,

dated September 12, 2007, the Plaintiff, pursuant to Rule 55(b)(2) of the Federal Rules

of Civil Procedure, will move this Court, before the Honorable Alvin K.. Hellerstein, in

the United States District Court for the Southern District of New York, at the Daniel

Patrick Moynihan United States Courthouse, 500 Pearl St., Room 1340, New York, NY

10007, on a date and at a time to be designated by the Court, for an Order granting the

plaintiff's Motion for Entry of Default Judgment against the defendant.

Respectfully submitted,

LOCKSLEY O. WADE, ESQ.
Law Office of Locksley O. Wade, LLC

1

15 West 39th Street, 3rd Floor
New York, NY 10018
(212) 220-3610 - Telephone
(212) 253-4142 - Facsimile
lwade@lwade-law.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASMINA EDWARDS,

        Plaintiff,

        v.

AMERICAN EXPRESS COMPANY,

        Defendant.

**Case 07-Civ-7340  (AKH)**

**MEMORANDUM of LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The Plaintiff in this action, pursuant to Federal Rule of Civil Procedure 55(b) (2) respectfully moves the Court for entry of default judgment against the defendant.  In support thereof, the plaintiff states:

1. This action was commenced on August 16, 2007.

2. The defendant was properly served with a summon and complaint on August 20, 2007.

3. Counsel for the defendant acknowledged receipt of the summons and complaint.

4. A responsive pleading was due on or before September 10, 2007.

5. No answer or responsive pleading has been filed as noted in the Certificate dated August 11, 2007.

6. Plaintiff's counsel has attempted a comprise solution to cure defendant's deliberate disregard for this most important matter; however, such proposal was rejected.

7. The clerk's certificate of default, a copy of the claim to which no response has been made, and a proposed form of default judgment is attached to this motion.

Under Rule 55 (b) (2),

> If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

WHEREFORE, the Plaintiff respectfully moves the Court for entry of default judgment against the defendant.

Dated: September 12, 2007.                    Respectfully submitted,

LOCKSLEY O. WADE, ESQ.
Law Office of Locksley O. Wade, LLC
15 West 39th Street, 3rd Floor
New York, NY 10018
(212) 220-3610 - Telephone
(212) 253-4142 - Facsimile
lwade@lwade-law.com
*Attorney for Plaintiff*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the *Memorandum Of Law In Support Of Motion For Entry Of Default Judgment* was served on counsel for the defendant, Jean Y. Park, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, via facsimile number 212-808-7897 and electronic mail address jpark@kelleydrye.com, on this 12th day of September 2007.

LOCKSLEY O. WADE, ESQ.
*Attorney for Plaintiff*

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Yasmina Edwards,

Plaintiff,                    07-Civ-7340     ( AKH )

- against -                   **CLERK'S CERTIFICATE**

American Express Company,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for

the Southern District of New York, do hereby certify that this action commenced on __8/16/2007__

with the filing of a summons and complaint, a copy of the summons and complaint was served

on defendant by serving _CT Corp., NY, NY, agent for the defendant, American Express_

_by delivering a copy of the Summons and Complaint by a person over the age of 18 yrs_ , and proof of

such service thereof was filed on _8/29/2007_ .

I further certify that the docket entries indicate that the defendant has not filed an

answer or otherwise moved with respect to the complaint herein. The default of the defendant is

hereby noted.

Dated:       〜 ￪     , New York
             9/11/-7

                                        **J. MICHAEL MCMAHON**
                                        Clerk of the Court

                            By: _____
                                        Deputy Clerk

`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



YASMINA EDWARDS,

       Plaintiff,

       v.

AMERICAN EXPRESS COMPANY,

       Defendant.

**COMPLAINT**

TRIAL BY JURY

**ECF Case**

## NATURE OF THE ACTION AND THE PARTIES

1.     This is an action to recover monetary damages and for declaratory and injunctive relief, and other equitable and ancillary relief, pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 215 et seq.

2.     Plaintiff Yasmina Edwards ("Ms. Edwards" or "Plaintiff") is an adult residing in Mount Vernon, New York, and a former employee of the Defendant, American Express Company.

3.     Defendant American Express Company ("Defendant") is a corporation incorporated under the laws of the State of New York with corporate offices and principal place of business in New York, New York.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's claims pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and on 28 U.S.C. $1331.

1

5.      Venue in this district is appropriate under 28 U. S.C. §1391(b) and (c) because

Defendant American Express Company is a corporation doing business in the State of

New York, County of New York  and because a substantial part of the events giving rise

to these claims occurred in New York County.


## FACTS

6.      In the early part of April 2007, the Plaintiff, Ms. Edwards, brought to the attention

of management, specifically, Kelly Fisher ("Fisher") her concerns about not receiving

just compensation for my hours worked beyond Plaintiff's weekly schedule hours.

7.      Rather than properly compensating Ms. Edwards with the appropriate

compensation ("overtime pay") Fisher started formal proceeding in which she challenged

Ms. Edwards' competency for her position.

8.      Fisher escalated her charges against Ms. Edwards while at the same refusing to

pay Ms. Edwards her overtime salary as required by law.

9.      Fisher further escalated her plan to discredit Ms. Edwards with the assistance of

the Human Resources/Employee Relations Department of American Express,

specifically, Barry Grow.

10.     Fisher, in order to cover her inadequacy as a manager, pursued a course of

unlawful conduct with the assistance of Grow.

11.     Fisher and Grow, joined forces in order to formulate a plan in which Ms. Edwards

would be involuntarily separated from her employment with American Express solely

because she required just compensation for time worked beyond her scheduled working

hours.

2

12.    Fisher and Grow's plan consisted of a so called "Improvement Plan" that would lead to Ms. Edwards' involuntary separation form American Express if she fails to meet the terms and conditions of the Improvement Plain with thirty (30) days.

13.    Fisher was to be the judge and jury on Ms. Edwards' improvement.  Fisher and Grow, separately or in concert, gave Ms. Edwards an alternative: resign now otherwise submit to the Improvement Plain.

14.    As Fisher and Grow implemented their plan to separate Ms. Edwards from her employment with the Defendant, they continued to deprive her of her lawful compensation for overtime work.

15.    Therefore, in order to salvage her career, Ms. Edwards was left with no choice but to separate herself from Defendant American Express under duress.

16.    The Defendant, American Express, paid Ms. Edwards her overtime salary after she bitterly complained but they still refused to retract the unlawful disciplinary measures which change the terms and conditions of her employment all because she complained about not receiving overtime pay.

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**
**29 U.S.C. § 215 et seq.**
**PROHIBITED ACTS**

17.    Plaintiff reasserts and re-alleges the allegations set forth in paragraphs one (1) through 16 above.

18.    The FLSA regulates the payment of overtime wages by employers whose employees are "engaged in commerce or engaged in the production of goods for

3

commerce, or is employed in an enterprise engaged in commerce or in the production of

goods for commerce." 29 U. S.C. §207(a) (l).

19.     Defendant American Express was and is subject to the overtime pay requirements

of the FLSA because it is an enterprise engaged in commerce and its employees are

engaged in commerce.

20.     Defendant American Express willfully violated the FLSA by changing the terms

and conditions of Ms. Edwards' employment and or constructively discharged Ms.

Edwards for complaining about their refusal to compensate her with overtime pay as

required under FLSA.

21.     Defendant American Express has not acted in good faith nor with reasonable

grounds to believe its actions and omissions were not a violation of the FLSA, and as a

result thereof, Plaintiff is entitled to recover backpay, attorney fees and cost, and any

equitable remedy, declaratory and injunctive relief that the court may deem appropriate.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

(A)     Enter a judgment declaring the acts and practices of Defendant to be in

violation of FLSA, 29 U.S.C. § 215 (a) (3);

(B)     Award Plaintiff as against Defendant back pay, bonuses, benefits, pension

and retirement earnings, and interest lost as a result of said Defendant's unlawful acts in

violation of FLSA;

(C)     Award Plaintiff as against Defendant the cost of this action, together with

reasonable attorneys' fees pursuant to FLSA, 29 U.S.C. § 216 et seq.

4

(D)    Enter a judgment declaring the acts and practices of Defendant to be in violation of the anti-retaliation provision of FLSA, 29 U.S.C. § 215 (a) (3); and

(E)    Award Plaintiff all injunctive relief as authorized under FLSA, 29 U.S.C. § 216 et seq.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable by jury.

Dated: August 16, 2007

By:_____
　　Locksley O. Wade, Esq.
　　Law Office of Locksley O. Wade, LLC
　　15 West 39th Street, 3rd Floor
　　New York, NY 10018
　　(212) 220-3610
　　(212) 253-4142 Fax
　　lwade@lwade-law.com
　　*Attorney for Plaintiff*

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASMINA EDWARDS,

        Plaintiff,

        v.

**Case 07-Civ-7340  (AKH)**

**DEFAULT JUDGMENT**

AMERICAN EXPRESS COMPANY,

        Defendant.

This action having been commenced on August 16, 2007, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the defendant, American Express Company, on August 20, 2007, by service on *its agent, CT Corporation, New York, NY*, and a proof of service having been filed on August 29, 2007, and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

    ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against the defendant as to all claims and causes of action alleged in the Complaint.

Dated: New York, New York

_____

_____
U.S.D.J.

This document was entered on the docket on _____.