*Judge Hellerstein*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 7340**

| | |
|---|---|
| YASMINA EDWARDS, | **COMPLAINT** |
| Plaintiff, | TRIAL BY JURY |
| v. | ECF Case |
| AMERICAN EXPRESS COMPANY, | |
| Defendant. | |

RECEIVED
AUG 1 6 2007
U.S.D.C. S.D N.Y.
CASHIERS

### NATURE OF THE ACTION AND THE PARTIES

1.  This is an action to recover monetary damages and for declaratory and injunctive relief, and other equitable and ancillary relief, pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 215 et seq.

2.  Plaintiff Yasmina Edwards ("Ms. Edwards" or "Plaintiff") is an adult residing in Mount Vernon, New York, and a former employee of the Defendant, American Express Company.

3.  Defendant American Express Company ("Defendant") is a corporation incorporated under the laws of the State of New York with corporate offices and principal place of business in New York, New York.

### JURISDICTION AND VENUE

4.  This Court has jurisdiction over Plaintiff's claims pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and on 28 U.S.C. $1331.

1

5.  Venue in this district is appropriate under 28 U. S.C. §1391(b) and (c) because Defendant American Express Company is a corporation doing business in the State of New York, County of New York and because a substantial part of the events giving rise to these claims occurred in New York County.

## FACTS

6.  In the early part of April 2007, the Plaintiff, Ms. Edwards, brought to the attention of management, specifically, Kelly Fisher ("Fisher") her concerns about not receiving just compensation for my hours worked beyond Plaintiff's weekly schedule hours.

7.  Rather than properly compensating Ms. Edwards with the appropriate compensation ("overtime pay") Fisher started formal proceeding in which she challenged Ms. Edwards' competency for her position.

8.  Fisher escalated her charges against Ms. Edwards while at the same refusing to pay Ms. Edwards her overtime salary as required by law.

9.  Fisher further escalated her plan to discredit Ms. Edwards with the assistance of the Human Resources/Employee Relations Department of American Express, specifically, Barry Grow.

10. Fisher, in order to cover her inadequacy as a manager, pursued a course of unlawful conduct with the assistance of Grow.

11. Fisher and Grow, joined forces in order to formulate a plan in which Ms. Edwards would be involuntarily separated from her employment with American Express solely because she required just compensation for time worked beyond her scheduled working hours.

12.     Fisher and Grow's plan consisted of a so called "Improvement Plan" that would lead to Ms. Edwards' involuntary separation form American Express if she fails to meet the terms and conditions of the Improvement Plain with thirty (30) days.

13.     Fisher was to be the judge and jury on Ms. Edwards' improvement. Fisher and Grow, separately or in concert, gave Ms. Edwards an alternative: resign now otherwise submit to the Improvement Plain.

14.     As Fisher and Grow implemented their plan to separate Ms. Edwards from her employment with the Defendant, they continued to deprive her of her lawful compensation for overtime work.

15.     Therefore, in order to salvage her career, Ms. Edwards was left with no choice but to separate herself from Defendant American Express under duress.

16.     The Defendant, American Express, paid Ms. Edwards her overtime salary after she bitterly complained but they still refused to retract the unlawful disciplinary measures which change the terms and conditions of her employment all because she complained about not receiving overtime pay.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
### 29 U.S.C. § 215 et seq.
### PROHIBITED ACTS

17.     Plaintiff reasserts and re-alleges the allegations set forth in paragraphs one (1) through 16 above.

18.     The FLSA regulates the payment of overtime wages by employers whose employees are "engaged in commerce or engaged in the production of goods for

commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U. S.C. §207(a) (l).

19.     Defendant American Express was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

20.     Defendant American Express willfully violated the FLSA by changing the terms and conditions of Ms. Edwards' employment and or constructively discharged Ms. Edwards for complaining about their refusal to compensate her with overtime pay as required under FLSA.

21.     Defendant American Express has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover backpay, attorney fees and cost, and any equitable remedy, declaratory and injunctive relief that the court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

(A)     Enter a judgment declaring the acts and practices of Defendant to be in violation of FLSA, 29 U.S.C. § 215 (a) (3);

(B)     Award Plaintiff as against Defendant back pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said Defendant's unlawful acts in violation of FLSA;

(C)     Award Plaintiff as against Defendant the cost of this action, together with reasonable attorneys' fees pursuant to FLSA, 29 U.S.C. § 216 et seq.

(D) Enter a judgment declaring the acts and practices of Defendant to be in violation of the anti-retaliation provision of FLSA, 29 U.S.C. § 215 (a) (3); and

(E) Award Plaintiff all injunctive relief as authorized under FLSA, 29 U.S.C. § 216 et seq.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable by jury.

Dated: August 16, 2007

By: _____
Locksley O. Wade, Esq.
Law Office of Locksley O. Wade, LLC
15 West 39th Street, 3rd Floor
New York, NY 10018
(212) 220-3610
(212) 253-4142 Fax
lwade@lwade-law.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CIVIL ACTION NUMBER: 07-7340 (AKH)

---

YASMINA EDWARDS,

       Plaintiff,

-against-

AMERICAN EXPRESS COMPANY,

       Defendants.

---

AFFIRMATION OF JEAN Y. PARK IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

---

**KELLEY DRYE & WARREN LLP**
101 PARK AVENUE
NEW YORK, NY 10178

(212) 808-7800