UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

YASMINA EDWARDS,

          Plaintiff,

- against –

AMERICAN EXPRESS COMPANY,

          Defendants.

------------------------------------------------------------x

Honorable Alvin K. Hellerstein

Civil Action No. 07-7340 (AKH)


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO DISMISS THE COMPLAINT


Of Counsel:

   Jean Y. Park

KELLEY DRYE & WARREN LLP
101 PARK AVENUE, NEW YORK 10178
(212) 808-7800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

YASMINA EDWARDS,

                Plaintiff,

    - against -

AMERICAN EXPRESS COMPANY,

                Defendant.

------------------------------------------------------x

Honorable Alvin K. Hellerstein

Civil Action No. 07-7340 (AKH)

## PRELIMINARY STATEMENT

Defendant, American Express Travel Related Services Company, Inc., incorrectly named "American Express Company" (hereinafter, "American Express" or the "Company"), by and through its attorneys, Kelley Drye & Warren LLP, submits this memorandum of law in support of Defendant's renewed motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter, the "Motion").

This action concerns an employment-based dispute. Plaintiff, Yasmina Edwards, is a former American Express employee who claims that she was retaliated against because she complained to her manager about not receiving overtime compensation. (Compl. ¶¶ 2, 6-16.)[1] Edwards' complaint asserts a single cause of action for alleged retaliation in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 215 et seq. ("FLSA") (Id. at ¶¶ 17-21.)

The complaint is legally deficient and must be dismissed because plaintiff fails to allege, as she must, that she engaged in cognizable "protected activity" under the FLSA.

---

[1] Numbers in parentheses prefixed by "Compl. ¶ __" refer to paragraphs contained in plaintiff's Complaint, dated August 16, 2007 (the "Complaint"), a true copy of which is annexed as "Exhibit A" to the Affirmation of Jean Y. Park, sworn to on December 17, 2007 (hereinafter, the "Park Affirmation").

NY01/PARKJE/1242323.1

## THE COMPLAINT ALLEGATIONS[2]

Plaintiff is a former employee of the Company. (Compl. ¶ 2.) In early April 2007, while still employed by American Express, Edwards expressed concerns to her manager, Kelly Fisher, about not receiving overtime pay. (Id. at ¶ 6.)

According to plaintiff, in lieu of paying proper compensation, Fisher began a "formal proceeding" to discredit and challenge plaintiff's competence. (Id. at ¶ 7.) This culminated in the formulation and implementation of a work improvement plan pursuant to which plaintiff was advised that she would be discharged if she failed to meet the terms and conditions of that plan within a 30-day period. (Id. at ¶¶ 8-13.) Fisher, with the alleged assistance of Barry Grow, an employee in the Company's human resources/employee relations department, gave plaintiff the ultimatum of either being placed on the improvement plan or resigning her employment. (Id. at ¶¶ 9-13.) In response, plaintiff resigned her employment "under duress." (Id. at ¶ 15.)

Plaintiff initiated this action on August 16, 2007. Her complaint comprises a single count for alleged retaliation in violation of FLSA, 29 U.S.C. § 215. (Id. at ¶¶ 17-21.)[3]

## ARGUMENT

The complaint must be dismissed as a matter of law because plaintiff cannot overcome long-settled precedent in the Second Circuit requiring FLSA retaliation claims to be predicated on formal complaints, proceedings or testimony. The FLSA prohibits covered employers from retaliating against employees and makes it unlawful:

---

[2] For the sole purpose of this Motion, the Company assumes, as it must, the truth of each and every factual allegation contained in the complaint.

[3] Apparently, at some unspecified time, the Company paid plaintiff all "overtime salary." (See Compl. ¶ 16.)

2

NYOI PARKJL 1242323 1

> "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

29 U.S.C. § 215(a)(3).

Retaliation claims under the FLSA are evaluated using the same analytic framework established for Title VII claims under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Accordingly, a plaintiff must first establish a prima facie violation by showing that he (i) engaged in a protected activity; (ii) that his employer was aware of this activity; (iii) that his employer has taken an employment action disadvantaging the plaintiff, and (iv) that a retaliatory motive played a part in the challenged employment action. Sumner v. U.S. Postal Serv., 899 F.2d 203, 208-09 (2d Cir 1990); Macharie v. The Body Shop, Civil Action No. 03-1510, 2003 U.S. Dist. LEXIS 23230, at *5 (E.D.N.Y. Nov. 25, 2003) (Feuerstein, J.)

Edwards cannot establish the first element of her prima facie case that she engaged in "protected activity." This term has been narrowly construed by the Second Circuit to encompass "filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor." Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993), cert. denied, 114. S. Ct. 1612 (1994). See also Aneja v. Triborough Bridge & Tunnel Auth., 35 Fed. Appx. 19, 22, 2002 U.S. App. LEXIS 9786, at *6-7 (2d Cir. 2002) (following Lambert), cert. denied, 538 U.S. 922, 123 S. Ct. 1572 (2003).

In Lambert, the lower court reversed a jury verdict favorable to the plaintiffs-appellants on their retaliation claims under the Equal Pay Act.[4] On appeal, the Second Circuit affirmed the district court's ruling, but did so on different grounds, holding that oral complaints

---

[4] The FLSA was amended in 1963 to incorporate the Equal Pay Act, which is codified under the same chapter as the FLSA.

to a supervisor cannot satisfy the threshold requirement to state a retaliation claim under FLSA Section 215(a)(3). Lambert, 10 F.3d at 54-56. In so holding, the Second Circuit took pains to distinguish between the broader protections afforded employees under Title VII's retaliation provision and those prescribed under FLSA Section 215(a)(3). Id.

Since Lambert, district courts reviewing retaliation claims under the FLSA have routinely dismissed such claims where the underlying protected activity was limited to complaints to supervisors. See, e.g., Kelly v. The City of Mount Vernon, 344 F.Supp.2d 395 (S.D.N.Y. 2004) (McMahon, J.) (plaintiff's filing of internal memorandum with commanding officer of his division requesting compensation for 566 hours of compensatory time not protected activity under the FLSA); Macharie v. The Body Shop, 2003 U.S. Dist. LEXIS 23230, at *5-6 (Feuerstein, J.) (granting 12(b) motion where the plaintiff merely alleged that he "complained to the above referenced managers…"); Brown v. United States Postal Serv., Civil Action No. 95-1442, 1996 U.S. Dist. LEXIS 19753, at *8 (S.D.N.Y. Oct. 28, 1996) (Pitman, Mag.) (plaintiff cannot state a claim for retaliatory discharge under the FLSA where she failed to allege that she was discharged subsequent to filing a formal complaint or testifying), adopted, 1996 U.S. Dist. LEXIS 19752 (Dec. 31, 1996) (Baer, J.); Acosta v. The Yale Club of New York City, Civil Action No. 94-0888, 1995 U.S. Dist. LEXIS 14881, at *12 (S.D.N.Y. Oct. 12, 1995) (Duffy, J.) (oral complaints to management about withheld tips cannot form basis for retaliation claim under the FLSA). See also, Nicholls v. The Brookdale Univ., Civil Action No. 03-6233, 2004 U.S. Dist. LEXIS 12816, at *26-27 (E.D.N.Y. July 9, 2004) (Weinstein, J.) (oral complaints to co-workers and, perhaps, supervisors insufficient grounds to support a claim under FLSA § 215(a)(3).

In her pleading, plaintiff fixes her retaliation claim on nothing more than the alleged expression of "concern" to her supervisor, Kelly Fisher, about not receiving "just compensation." (Compl. ¶¶ 6, 16.) According to plaintiff, it was these expressions of concern that set into motion the disciplinary proceedings and work improvement plan that ultimately compelled plaintiff's resignation. (Id. at ¶¶ 6-15.) Nowhere in the complaint is there any mention of the filing of any formal complaints, initiation of proceedings and/or testimony in connection with the same.

Accepting each and every complaint allegation as true, plaintiff has not, and cannot, satisfy the minimum threshold requirements to state a retaliation claim under Section 215(a)(3) of the FLSA.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests the grant of its Motion, along with such other and further relief as the Court deems just and proper, including costs and attorneys' fees.

Dated: New York, New York
       December 17, 2007

                                        KELLEY DRYE & WARREN LLP

                                        By: _____
                                            Jean Y. Park

                                        101 Park Avenue
                                        New York, New York 10178
                                        (212) 808-7800
                                          Attorneys for Defendant